Dear Ms. Guice:
You advise this office that you currently hold the position of misdemeanor probation officer for the Sixth Judicial District Court. You ask if the law prohibits you from concurrently holding the local elective office of town councilman.
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, R.S. 42:61, et. seq., govern our response to your question. As a misdemeanor probation officer, you hold full-time employment within the judicial branch of state government, as defined by R.S. 42:62(3), (4) and (8):
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 * * * (8) The judicial branch of state government includes all judges, employees, and agents of the supreme court, the judicial administrator, courts of appeal, district courts, including the civil and criminal district courts of Orleans Parish, parish courts, city courts, juvenile and family courts, and any other judicial offices and instrumentalities of the state, but does not include judges or employees of courts not enumerated in this Paragraph.
R.S. 42:63(D) prohibits a local elected official from holding employment in the same political subdivision in which he holds elected office. R.S.42:63(D) states: *Page 2 
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
The foregoing statute does not prohibit one from holding employment in a political subdivision separate from that in which he holds elected office. Here, the municipality and the district court are separate political subdivisions as defined by R.S. 42:62(9), stating:
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
We conclude the law does not prohibit you from holding employment with the district court as misdemeanor probation officer while serving as an elected member of the town council.
The foregoing conclusion is predicated on your factual assertion that the position of misdemeanor probation officer is "employment" and is not a full-time "appointive office" as defined by R.S. 42:62(2), stating:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
If the position of "misdemeanor probation officer" is a position "specifically established or specifically authorized by the constitution or laws of this state" or *Page 3 
"by the charter or ordinances of any political subdivision" then, for purposes of dual-officeholding, the correct characterization of the position would be that of an appointive office rather than a position of employment. R.S. 42:63(D) cited above would prohibit one from holding local elective office and a full-time appointive office in any political subdivision.
However, our research reflects the position of "misdemeanor probation officer" is not specifically created by the statutes and is not considered an "appointive office" for purposes of R.S. 42:63(D). Thus, we conclude you may hold employment as a misdemeanor probation officer while service as elected town councilman.
We hope the foregoing proves helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL